**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                              (State)

Case number (*if known*): _____ Chapter **11**

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Zurvita Holdings, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Red Sun Mining, Inc. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 2 6 – 0 5 3 1 8 6 3 |

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 4450    W. Walnut Hill Lane<br>Number    Street | _____<br>Number        Street |
| Suite 110 | _____<br>P.O. Box |
| Irving,            TX      75038<br>City          State    ZIP Code | _____<br>City            State    ZIP Code |
| Dallas<br>County | **Location of principal assets, if different from principal place of business**<br><br>_____<br>Number        Street<br><br>_____<br><br>_____<br>City            State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | https://www.zurvita.com/www/en/us/ |

| Debtor | Zurvita Holdings, Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

**6.  Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding  LLP)
- ☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

    4   5   6   1

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply:*

  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

- ☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes.  District _____  When ___/___/_____  Case number _____
                                              MM / DD / YYYY
            District _____  When ___/___/_____  Case number _____
                                              MM / DD / YYYY

Debtor   Zurvita Holdings, Inc._____      Case number (if known)_____
         Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor   Zurvita, Inc._____   Relationship   Affiliate_____

District   Delaware_____   When   12/20/2024_____
                                              MM / DD / YYYY

Case number, if known   _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

_____

_____        _____
City                                             State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency   _____

Contact name   _____

Phone   _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☑ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor    Zurvita Holdings, Inc.
          _____                Case number (*if known*)_____
          Name

| 15. **Estimated assets** | ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,000-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. **Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,000-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/20/2024
               MM / DD / YYYY

✘ /s/ Shadron L. Stastney                              Shadron L. Stastney
_____               _____
Signature of authorized representative of debtor       Printed name

Title    Director
         _____

**18. Signature of attorney**

✘ /s/ Aaron H. Stulman                              Date    12/20/2024
_____                     MM / DD / YYYY
Signature of attorney for debtor

Aaron H. Stulman
_____
Printed name

Potter Anderson & Corroon LLP
_____
Firm name

1313        N. Market Street, 6th Floor
_____
Number      Street

Wilmington                                          DE        19801
_____            _____
City                                                State     ZIP Code

(302) 984-6000                                      astulman@potteranderson.com
_____            _____
Contact phone                                       Email address

5807                                                DE
_____            _____
Bar number                                          State

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zurvita Holdings, Inc., *et al.*,[1] | Case No. 24- [_____] (___) |
| Debtors. | (Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP
STATEMENT AND LIST OF EQUITY SECURITY HOLDERS
PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Zurvita Holdings, Inc. and its affiliate, who are or may be debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), hereby state as follows:

1.  Debtor Zurvita, Inc. is 100% owned by Debtor Zurvita Holdings, Inc., located at 4450 W. Walnut Hill Lane, Suite 110, Irving, TX  75038.

2.  A list of Zurvita Holdings, Inc.'s equity interest holders, their addresses, and the nature of their equity interests is below.[2]  No publicly traded corporation owns more than 10% of the Debtors' equity interests.

| Entity | Address | Ownership Interest |
|---|---|---|
| Ameriprise Enterprise Investment Services | 682 Ameriprise Financial Ctr, Minneapolis, MN 55474 | 50,000 shares (Non-restricted) |
| June Anderson | Address on File | 3,367 shares (Restricted) |
| Apex Clearing | 1981 Marcus Ave, Ste 100, Lake Success, NY 11042 | 100,710 shares (Non-restricted) |

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: Zurvita Holdings, Inc. [1863] and Zurvita, Inc. [4837].  The Debtors' headquarters are located at 4450 W. Walnut Hill Lane, Suite 110, Irving, TX 75038.

[2] The Debtors reserve the right to supplement or amend the list of the Debtors' equity interest holders within fourteen days of the date hereof, pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

| | | |
|---|---|---|
| Jennifer Bailey | Address on File | 100,000 shares (Restricted) |
| BBS Securities, Inc. | 199 Bay St, Ste 2600, PO Box 108, Station Commerce Court, Toronto, ON M5L, 1E2 Canada | 4,750 shares (Non-restricted) |
| BOFA Securities Inc. | 4804 Deer Lake Drive, East Jacksonville, FL 32246 | 35,869 shares (Non-restricted) |
| Megan Bonde | Address on File | 2,500 shares (Restricted) |
| Cynthia Huerta Bonilla | Address on File | 400 shares (Non-restricted) |
| Jeffery B Boyd & Mindy W Boyd J/T | Address on File | 2,000 shares (Non-restricted) |
| Michael Cairo | Address on File | 2,500 shares (Restricted) |
| Alicia Arechiga Canedo | Address on File | 400 shares (Non-restricted) |
| Gabriela Avrechiga Canedo | Address on File | 400 shares (Non-restricted) |
| Leon Carr | Address on File | 4,587 shares (Restricted) |
| Peter A Cassis | Address on File | 7,791 shares (Non-restricted) |
| Carmen Castro | Address on File | 10,000 shares (Restricted) |
| Charles Schwab & Co. | 2423 E Lincoln Dr, Phoenix, AZ 85016 | 1,214,107 shares (Non-restricted) |
| Nick Cooper | Address on File | 400 shares (Non-restricted) |
| Crownmark LP | 5700 Democracy Drive, Plano, TX 77024 | 100,000 shares (Restricted) |
| Paula Cunningham | Address on File | 50 shares (Restricted) |
| Leavery Y Davidson | Address on File | 500 shares (Restricted) |
| Elmer Dugaduga | Address on File | 1,000 shares (Restricted) |
| Bill Edwards | Address on File | 400 shares (Non-restricted) |
| Jesus Llamas Elras | Address on File | 400 shares (Non-restricted) |
| Danilo Embernate | Address on File | 3,367 shares (Restricted) |

2

| | | |
|---|---|---|
| E-Trade Clearing LLC | 55 Water St 32nd Floor, New York, NY 10041 | 121,676 shares (Non-restricted) |
| Nicole Falco | Address on File | 2,500 shares (Restricted) |
| Yoniz Fernandez | Address on File | 400 shares (Restricted) |
| Jose Filion | Address on File | 2,500 shares (Non-restricted) |
| First Clearing LLC | 2801 Market St, St. Louis, MO 63103-2523 | 10,617 shares (Non-restricted) |
| Susanne Gibson | Address on File | 2,500 shares (Restricted) |
| Goldman Sachs & Co LLC | 222 South Main Street, 6th Fl, Salt Lake City, UT | 9,860 shares (Non-restricted) |
| Brent Goodwin | Address on File | 10,000 shares (Restricted) |
| John Cesar Grosso | Address on File | 1,000 shares (Restricted) |
| Andrius Gurcinas | Address on File | 400 shares (Non-restricted) |
| Bernadette M Haag | Address on File | 16,331 shares (Restricted) |
| Hampton Growth Resources LLC | 401 Wilshire Blvd, 12th Fl #111, Santa Monica, CA 90401 | 146,074 shares (Non-restricted) |
| Hare & Co. LLC | c/o Bny Mellon Attn: Box #11203, Pittsburg, PA 15262 | 400 shares (Non-restricted) |
| Melissa Hayes | Address on File | 2,500 shares (Restricted) |
| William Heneghan | Address on File | 2,500 shares (Restricted) |
| Michael Hildenbrand | Address on File | 3,367 shares (Non-restricted) |
| Teresa Hill | Address on File | 400 shares (Non-restricted) |
| Christopher Hourigan | Address on File | 25,000 shares (Restricted) |
| Bill Hunter | Address on File | 1,600 shares (Restricted) |
| Investor Company | 77 Bloor St, 3d Floor, Toronto, ON M4Y 2T1 Canada | 9,200 shares (Non-restricted) |
| Vicky Jaehnig | Address on File | 7,864 shares (Restricted) |

| | | |
|---|---|---|
| Ryan January | Address on File | 400 shares (Non-restricted) |
| Mark Jarvis | Address on File | 13,753,750 shares (Restricted) |
| Rajeev Ramesh Joshi | Address on File | 400 shares (Non-restricted) |
| Journals & Ledgers LLC | 720 N 4th St, PO Box 387, Montpelier, ID 83254 | 8,166 shares (Restricted) |
| Flor Aguilar Kanton | Address on File | 400 shares (Non-restricted) |
| KCG Americas LLC | 545 Washington Blvd, Jersey City, NJ 07310 | 38,020 shares (Non-restricted) |
| Steve J Kirschke & Donna M Kirschke J/T | Address on File | 1,400 shares (Non-restricted) |
| Angeline Melsa Kwik | Address on File | 400 shares (Non-restricted) |
| Bernard Landes | Address on File | 10,000 shares (Restricted) |
| Lily Lang | Address on File | 3,367 shares (Restricted) |
| Kyle A Leblanc | Address on File | 1,714,700 shares (Non-restricted) |
| Paloma Madera Loyola | Address on File | 400 shares (Non-restricted) |
| Maurice W Lyons | Address on File | 400 shares (Non-restricted) |
| Keith Lyrla | Address on File | 400 shares (Non-restricted) |
| Mireya Avendono Marino | Address on File | 400 shares (Non-restricted) |
| Debbie McCollum | Address on File | 400 shares (Restricted) |
| Florinda Canedo Mendoza | Address on File | 400 shares (Non-restricted) |
| Merrill Lynch Pierce Fenner & Smith Incorporated | 4804 East Deer Lake Dr, 4th Fl, Jacksonville, FL 32246 | 26,700 shares (Non-restricted) |
| Richard J Micchelli Jr | Address on File | 5,714 shares (Restricted) 11,429 shares (Non-restricted) |
| Guadalupe Motta Morales | Address on File | 400 shares (Non-restricted) |
| Morgan Stanley Smith Barney LLC | 1 New York Plz, Fl 39, New York, NY 10004 | 450,151 shares (Non-restricted) |

4

| | | |
|---|---|---|
| Steven Moss | Address on File | 3,367, shares (Restricted) |
| Zettle Muhammad | Address on File | 500 shares (Restricted) |
| Brandy Murinchack | Address on File | 400 shares (Non-restricted) |
| National Financial Services LLC | 200 Liberty St, 5th Fl, New York, NY 10281 | 512,436 shares (Non-restricted) |
| Nesbitt Burns | Address on File | 14,156 shares (Non-restricted) |
| Connie Newton | Address on File | 5,242 shares (Restricted) |
| Peter Olson | Address on File | 400 shares (Non-restricted) |
| Oppenheimer & Co | 125 Broad St, 15th Fl, New York, NY 10004 | 48,214 shares (Non-restricted) |
| Glenn R Paterson | Address on File | 1,000 shares (Restricted) |
| Amy Pedrotty | Address on File | 2,500 shares (Restricted) |
| Penson Financial Services Inc. | 1700 Pacific Ave, Ste 1400, Dallas, TX 75201 | 404 shares (Non-restricted) |
| Pershing LLC | PO Box 2050, Jersey City, NJ 07303 | 68,026 shares (Non-restricted) |
| Jason Post | Address on File | 2,500 shares (Restricted) |
| Raymond James & Associates Inc. | 880 Carillon Pkwy St, St. Petersburg, FL 33733 | 1,750 shares (Non-restricted) |
| Buddy Rejonis | Address on File | 2,500 shares (Restricted) |
| Ana L Rincon | Address on File | 500 shares (Restricted) |
| Elena Rivera | Address on File | 3,367 shares (Restricted) |
| Robert W Baird & Co. Inc. | PO Box 672, Milwaukee, WI 53201-0672 | 28,925 shares (Non-restricted) |
| Mauricio Rodriguez | Address on File | 10,000 shares (Restricted) |
| Kristine Ryan | Address on File | 4,587 shares (Restricted) |
| Andre Sappingfield | Address on File | 10,000 shares (Restricted) |
| Scottrade Inc. | PO Box 31759, St. Louis, MO 63131 | 180,399 shares (Non-restricted) |

| | | |
|---|---|---|
| Jay Shafer | Address on File | 26,051,250 shares (Restricted)<br>1,100,000 shares (Non-restricted) |
| Deborah Smith | Address on File | 3,367 shares (Restricted) |
| John Smith | Address on File | 3,367 shares (Restricted) |
| John Stahl | Address on File | 3,367 shares (Restricted) |
| Shadron Stastney | Address on File | 6,551,250 shares (Restricted) |
| Ryan P Sullivan | Address on File | 400 shares (Non-restricted) |
| Andrew Taylor | Address on File | 400 shares (Non-restricted) |
| Shaunie Taylor | Address on File | 400 shares (Non-restricted) |
| TD Ameritrade Clearing Inc. | PO Box 2226,<br>Omaha, NE 68103-2226<br>-Or-<br>200 South 108th Ave,<br>Omaha, NE 68154 | 90,536 shares (Non-restricted) |
| Vanguard Marketing Corporation | 5951 Luckett Court, Suite A1,<br>El Paso, TX 79932 | 84,700 shares (Non-restricted) |
| Heriberto Sanchez Vega | Address on File | 400 shares (Non-restricted) |
| Virtu Americas LLC | One Liberty Plaza<br>165 Broadway, 5th Fl,<br>New York, NY 10006 | 22,084 shares (Non-restricted) |
| Wedbush Morgan Securities | PO Box 30014,<br>Los Angeles, CA 90030 | 8,000 shares (Non-restricted) |
| Liana Whorley | Address on File | 100 shares (Restricted) |
| Collen M Wilkens | Address on File | 3,932 shares (Restricted) |
| William Dennis Bloom Children's Trust | 5700 Democracy Dr,<br>Plano, TX 77024 | 100,000 shares (Restricted) |
| Maria Wolfinger | Address on File | 2,500 shares (Non-restricted) |
| Kirby Wright | Address on File | 62,241 shares (Restricted) |

6

**JOINT WRITTEN CONSENT**
**OF**
**THE RESTRUCTURING COMMITTEES**
**OF**
**ZURVITA HOLDINGS, INC.**
**AND**
**ZURVITA, INC.**

December 20, 2024

The undersigned, being all of the members of the Special Committee (the "**Holdings Committee**") of the board of directors of Zurvita Holdings, Inc. ("**Holdings**") and the Special Committee (the "**Zurvita Committee**" and together with the Holdings Committee, each, a "**Committee**" and collectively, the "**Committees**") of the boards of directors (the "**Zurvita Board**" and together with the Holdings Board, the "**Boards**") of Zurvita Holdings, Inc. (together with Holdings, each, a "**Company**" and collectively, the "**Companies**") hereby adopts the following resolutions by written consent without a meeting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and the bylaws of each of the Companies, respectively, and hereby direct that this joint written consent be filed with the minutes of the proceedings of the Boards of each Company:

**Establishment of Committees**

**WHEREAS**, the Boards established the Committees and empowered them to, among other things, evaluate, negotiate, declare advisable, approve, execute, consummate and implement, or reject, strategic options with respect to the applicable Company and its subsidiaries, including but not limited to a sale, financing, intellectual property licensing, business combination with a special purpose acquisition company, restructuring, reorganization, recapitalization, bankruptcy, insolvency or other transaction to the extent deemed necessary or advisable and in the best interests of each of the Companies and their respective stakeholders by the Committees;

**WHEREAS**, the Boards further empowered the Committees to, among other things, take any and all actions to evaluate, negotiate, declare advisable, approve, execute, consummate and implement, or reject, strategic options with respect to the applicable Company and its subsidiaries, including but not limited to a sale, financing, intellectual property licensing, business combination with a special purpose acquisition company, restructuring, reorganization, recapitalization, bankruptcy, insolvency or other transaction deemed necessary or desirable by the Committees, and take any and all other actions as the Committees in their sole discretion deemed necessary, advisable or appropriate in connection with its consideration of the foregoing;

**Bankruptcy Filing**

**WHEREAS**, the Committees have considered presentations by legal and financial advisors to the Companies regarding, among other things, the liabilities, assets and liquidity of the Companies, the strategic alternatives available to the Companies, and the potential impact

(financial and otherwise) of the foregoing on the business, creditors, and other parties in interest of the Companies;

**WHEREAS**, the Committees have each been presented with a proposed petition and related documents to be filed by each Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") as a debtor in possession and thereby commencing a chapter 11 bankruptcy case for the applicable Company (each, a "**Bankruptcy Case**" and collectively, the "**Bankruptcy Cases**");

**WHEREAS**, the Committees have reviewed and evaluated the proposed Restructuring Support Agreement (substantially in the form reviewed by each Committee with respect to their respective Companies, the "**RSA**"), by and among Zurvita Holdings, Inc., Zurvita, Inc., Mr. Jay Shafer, and Zinzino AB, and the transactions contemplated thereby;

**WHEREAS**, the Committees, having considered the financial and operational aspects of the business of each Company and the best course of action to maximize value, having received financial and other input from management and their advisors, having had the opportunity to review and consider the same, having pursued and considered various alternatives, upon the advice of counsel, and having reviewed and evaluated the proposed RSA and the transactions contemplated thereby, have determined in the exercise of their business judgment that given the current facts and circumstances confronting the Companies, it is advisable, desirable, and in the best interests of the Companies and their respective creditors, employees, other stakeholders, and other interested parties that a petition be filed by each Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code and that the applicable Company enter into the proposed RSA and the transaction contemplated thereby.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that after due consultation with the management and the legal advisors of each Company and consideration of all factors that they deem relevant, the Committees hereby deem it advisable, desirable and in the best interests of the Companies and their respective creditors, employees, other stakeholders, and other interested parties that each Company file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and that the filing of such petition in the name and on behalf of each Company to commence a Bankruptcy Case, and the commencement of such Bankruptcy Case, be, and hereby are, authorized; and it is further

**RESOLVED**, that each of the officers or directors, as applicable, of each of the Companies (each, an "**Authorized Person**" with respect to such Authorized Person's respective Company), acting alone, be, and hereby is, authorized and empowered, on behalf of and in the name of the Companies, as applicable, to execute and verify a voluntary petition in the name of the Companies, as applicable, under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the

Bankruptcy Court in such form and at such time as the Authorized Person executing said petition on behalf of the applicable Company shall determine; and it is further

**RESOLVED**, that the RSA and the agreements and transactions contemplated thereby are in the best interests of the Companies and their respective creditors, employees, other stakeholders, and other interested parties, and the Committees, as applicable, hereby authorize and approve the execution and delivery of the RSA by any Authorized Person in the name and on behalf of the applicable Companies; and it is further

**RESOLVED**, that each other agreement, document, and instrument contemplated by the RSA to be executed or delivered by or in the name of the applicable Companies is hereby authorized and approved in all respects; and it is further

**RESOLVED**, that each Authorized Person, acting alone, be, and hereby is, authorized and empowered, on behalf of and in the name of the applicable Companies, to execute, verify and/or file, or cause to be executed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, and other papers required to file a petition in the Bankruptcy Court and commence a Bankruptcy Case, to employ and retain all assistance by legal counsel, accountants, or other professionals to represent the applicable Companies in the Bankruptcy Cases, to take any and all action which the Authorized Person deems necessary and proper to maintain the ordinary course operation of the businesses of the applicable Companies during the pendency of the Bankruptcy Cases, and to seek the relief contemplated by "first day" and/or "second day" motions as necessary to maintain ordinary course operations; and it is further

**RESOLVED,** that each Authorized Person, acting alone, be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the applicable Companies, as applicable, to document, execute, and deliver the RSA, as the same may be amended, supplemented, or modified, as such Authorized Persons may consider necessary, proper, or desirable, and in the best interests of the Company and its stakeholders generally, consistent with the intent of these resolutions, the execution thereof by such Authorized Persons to be conclusive evidence of such determination, and to negotiate, document, execute, and deliver such other documents and to take any and all such further action which such Authorized Person determines to be necessary or appropriate in order to effectuate the general intent of the resolutions set forth herein, in each case to the extent such actions, amendments, supplements or modifications are generally consistent with the RSA; and it is further

**RESOLVED**, that each Authorized Person, acting alone, be, and hereby is, authorized and empowered to engage and retain on behalf of the applicable Companies: (i) the law firm of Potter Anderson & Corroon LLP, as bankruptcy counsel for the Companies; (ii) SC&H Group, Inc., as investment banker for the Companies, (iii) Reliable Companies d/b/a Reliable, as claims and noticing agent for the Companies, and (iv) such other legal counsel, accountants, financial advisors, investment bankers, and other professionals that such Authorized Person deems necessary, advisable, desirable, or appropriate in connection with, or in furtherance of, the Bankruptcy Cases, with a view to the successful prosecution of the Bankruptcy Cases (the taking

of any such act to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and it is further

**RESOLVED**, that each Authorized Person, acting alone, be, and hereby is, authorized and empowered to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses, and taxes such Authorized Person deems necessary, advisable, desirable, or appropriate, and (iii) negotiating, executing, delivering, and performing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (the taking of any such act to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and it is further

**RESOLVED**, that, subject to the authority set forth in these resolutions and in connection with the commencement of the Bankruptcy Case by a Company, each Authorized Person, acting alone, be, and hereby is, authorized and empowered, in the name and on behalf of the applicable Company, as a debtor and debtor in possession, to (a) obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Person, as is reasonably necessary for the continuing conduct of affairs of such Company, (b) borrow funds from, provide guaranties to, and undertake related financing transactions (the "**Financing Transactions**") with such lenders and other parties and on such terms as may be agreed by any Authorized Person, as is reasonably necessary for the continuing conduct of affairs of such Company, and (c) pay related fees and grant security interests in and liens upon some, all, or substantially all of such Company's assets, acknowledge the debt and liens of existing loans, grant liens, and pay interest to such Company's existing lender(s) in connection with such Financing Transactions; and in connection therewith, each Authorized Person of a Company be, and hereby is, authorized to execute appropriate agreements and related ancillary documents.

## Asset Purchase Agreement

**WHEREAS**, in connection with the Bankruptcy Cases, the Committees have determined that it is advisable and in the best interests of the Companies and their respective creditors, employees, other stakeholders, and other interested parties for the Companies to sell certain assets of the Companies on the terms and subject to the conditions as set forth in that certain Asset Purchase Agreement (the "**APA**") by and between the Companies and Zinzino, in substantially the form reviewed by each Committee with respect to their respective Companies; and it is further

**RESOLVED**, that, the Committees have determined that it is in the best interests of the Companies and their respective creditors, employees, other stakeholders, and other interested parties to approve the form, terms and conditions of the APA and the transactions contemplated thereby, subject to the approval of the Bankruptcy Court and commencement of the Bankruptcy Case; and it is further

**RESOLVED**, that the form, terms and provisions of the APA and the transactions contemplated thereby, be, and the same hereby are, in all respects, approved, adopted and confirmed; and it is further

**RESOLVED**, that each Authorized Person, acting alone, be, and hereby is, authorized and empowered, on behalf of and in the name of the applicable Companies, to enter into the APA, and each of the ancillary documents to be entered into in connection therewith (the "**Sale Documents**"), and to enter into the transactions and obligations contemplated by the APA and the Sale Documents, subject to Bankruptcy Court approval.

### Omnibus Resolutions

**RESOLVED**, that each Authorized Person, acting alone, be, and hereby is, authorized and empowered, on behalf of and in the name of the applicable Companies, to perform the obligations of the applicable Companies under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as such Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the applicable Companies; and it is further

**RESOLVED**, that each Authorized Person, acting alone, be, and hereby is, authorized and empowered, in the name of and on behalf of the applicable Companies, to cause the applicable Companies to enter into, execute, deliver, certify, file, record, and perform under such agreements, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of such Authorized Person, shall be necessary, proper, and desirable to prosecute a successful completion of the Bankruptcy Case and to effectuate the restructuring or liquidation of the applicable Companies' debts, other obligations, organizational form and structure and ownership of the applicable Companies, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED**, that each Authorized Person, acting alone, be, and hereby is, authorized and empowered, on behalf of and in the name of the applicable Companies, to take such actions and execute and deliver such documents as may be required or as such Authorized Person may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as such Authorized Person shall approve, the taking or execution thereof by such Authorized Person being conclusive evidence of the approval thereof by such Authorized Person and the applicable Companies; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Holdings Committee and the Zurvita Committee, as applicable, have executed this written consent as of the date set forth above.

**RESTRUCTURING COMMITTEE OF
ZURVITA HOLDINGS, INC.:**

_____
Shadron L. Stastney
Director

**RESTRUCTURING COMMITTEE OF ZURVITA,
INC.:**

_____
Shadron L. Stastney
Director

```
Fill in this information to identify the case:
Debtor name    Zurvita Holdings, Inc.
United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known):
```

☐ Check if this is an

amended filing

## Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Mark and Tracy Jarvis<br><br>Address on File | c/o Byron K. Henry Scheef & Stone, LLP (214) 472-2100 byron.henry@solidcounsel.com | Litigation | Contingent, Unliquidated, Disputed | N/A | N/A | $4,000,000.00 |
| 2 | CityCentre Four Partners, L.P. 12848 Queensbury Lane, Suite 100, Houston TX 77024 | c/o Brice B. Beale Hoover Slovacek LLP (713) 977-8686 beale@hooverslovacek.com | Litigation | Contingent, Unliquidated, Disputed | N/A | N/A | $2,253,519.42 |
| 3 | Saddle Creek Corporation P.O. Box 530614 Atlanta, GA 30353 | (817) 740-4419 fraanje.vandiver@sclogistics.com | Trade Debt | N/A | N/A | N/A | $846,822.32 |
| 4 | Progressive Laboratories, Inc. 3131 Story Road W Irving, TX 75038 | (972) 518-9660 accounting@progressivelabs.com | Trade Debt | N/A | N/A | N/A | $454,105.23 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor  Zurvita Holdings, Inc.                                             Case number *(if known)*  _____

Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim |||
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |||
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 | Stabil Nutrution, LLC 9909 Clayton Road Suite LL8 St. Louis, MO 63124 | (435) 467-8477 rcasillas@stabilnutrition.com | Trade Debt | N/A | N/A | N/A | $84,787.50 |
| 6 | PreMark Health Science Inc. 3200 Story Road W, Irving, TX 75038 | (972) 894-0020 sales@premarkhs.com | Trade Debt | N/A | N/A | N/A | $83,754.00 |
| 7 | DSA Direct Selling Association 1667 K St. NW Suite 110 Washington, DC 20006 | (202) 452-8866 nburke@dsa.org | Trade Debt | N/A | N/A | N/A | $78,989.07 |
| 8 | Avalara Dept.16781 Palatine, IL 60055 | (919) 627-9795 patrick.maneen@avalara.com | Trade Debt | N/A | N/A | N/A | $76,051.27 |
| 9 | BlueCross BlueShield of Texas Health Care Service Corporation P.O. Box 731428 Dallas TX 75373 | (800)  445-2227 | Trade Debt | N/A | N/A | N/A | $59,585.94 |
| | | | | | | | |

Debtor   Zurvita Holdings, Inc.                                                                     Case number *(if known)* _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | Enoch Kever, a Professional Limited Liability Company 7600 N. Capital of Texas Hwy Building B, Suite 200 Austin, Texas 78731 | cenoch@enochkever.com (512) 615-1200 | Professional Services | N/A | N/A | N/A | $61,057.73 |
| 11 | Annex Cloud Social Annex, Inc. 1750 Tysons Blvd. Suite 1500 McLean, VA 22102 | (703) 539-0380 billing@annexcloud.com | Trade Debt | N/A | N/A | N/A | $60,264.00 |
| 12 | Gemini Pharmaceuticals Inc. 55 Adams Avenue Hauppauge, NY 11788 | (631) 543-3344 accountsreceivable@geminipharm.com | Trade Debt | N/A | N/A | N/A | $46,494.95 |
| 13 | Lycored Corp. 33 Industrial Parkway Branchburg, NJ 08876 | (877) 592-6733 tammi.higgins@lycored.com | Trade Debt | N/A | N/A | N/A | $46,000.00 |
| | | | | | | | |

| Debtor | Zurvita Holdings, Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | Team Fusion LLC 5000 Eldorado Pkwy Suite 150-316 Frisco, TX 75033 | (972) 510-7747 | Trade Debt | Disputed | N/A | N/A | $45,000.00 |
| 15 | Angela Whittington Address on File | Contact Information on File | Employee Contract | N/A | N/A | N/A | $43,700.00 |
| 16 | UnCut Brands, LLC 8169 S. State St. Unit D Midvale, UT 84047 | (801) 891-5873 partnerservices@uncutbrands.com | Trade Debt | N/A | N/A | N/A | $42,696.43 |
| 17 | The Sycamore Group Consulting, Inc. 493 Rodgers Road McDonough, GA 30252 | (770) 310-7153 thesycgroup@gmail.com | Trade Debt | N/A | N/A | N/A | $41,750.00 |
| 18 | Tarrant County Tax Office c/o Linebarger Goggan Blair & Sampson LLP 100 Throckmorton Suite 300 Fort Worth, TX 76102 | (817) 877-4589 clif.douglass@lgbs.com taxoffice@tarrantcountytx.gov | Property Tax | N/A | N/A | N/A | $37,042.78 |
| | | | | | | | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor    Zurvita Holdings, Inc.                                    Case number *(if known)*
_____                                    _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | LaCore Finance 901 Sam Rayburn Hwy Melissa, TX 75454 | (972) 439-1750 ar@lacorelogistics.com | Trade Debt | N/A | N/A | N/A | $32,596.03 |
| 20 | GNO Holdings, Inc. 901 Sam Rayburn Highway, Melissa, TX 75454 | c/o Byron K. Henry Scheef & Stone, LLP (214) 472-2116 byron.henry@solidcounsel.com | Litigation | Contingint, Unliquidated, Disputed | N/A | N/A | Unliquidated |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name  <u>Zurvita Holdings, Inc.</u>

United States Bankruptcy Court for the: _____  District of <u>Delaware</u>
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors           12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents.  This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D:  Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F:  Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G:  Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule*

x   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

x   Other document that requires a declaration **Combined Corporate Ownership Statement and Certification of Debtors' Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  <u>12/20/2024</u>          ✖ <u>/s/ Shadron L. Stastney</u>
MM / DD / YYYY              Signature of individual signing on behalf of debtor

<u>Shadron L. Stastney</u>
Printed name

<u>Director</u>
Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zurvita Holdings, Inc., *et al.*,[1] | Case No. 24- [_____] (___) |
| Debtors. | (Joint Administration Requested) |

## CERTIFICATION OF DEBTORS' CREDITOR MATRIX

In accordance with rule 1007(a) of the Federal Rules of Bankruptcy Procedure and rule 1007-2(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), a list of creditors (the "<u>Creditor Matrix</u>") of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") is filed by attachment hereto.

The Creditor Matrix has been prepared from the Debtors' books and records.  The undersigned, Shadron L. Stastney of the Debtors, hereby certifies that the Creditor Matrix contains the names and addresses of all creditors of the Debtors that could be ascertained after diligent inquiry, based on a review of the Debtors' books and records and is consistent with the information contained therein.  To the extent practicable, the Creditor Matrix complies with Local Rule 1007-1(a).  The Debtors reserve the right to amend or supplement the Creditor Matrix as necessary.

Although the information contained in the Creditor Matrix is based on a review of the Debtors' books and records, the Debtors have not completed a comprehensive legal and/or factual investigation with regard to possible defenses of the Debtors and their estates to any claims of the potential claimants included in the Creditor Matrix.  In addition, certain of the parties included in

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: Zurvita Holdings, Inc. [1863] and Zurvita, Inc. [4837].  The Debtors' headquarters are located at 4450 W. Walnut Hill Lane, Suite 110, Irving, TX 75038.

the Creditor Matrix may not hold outstanding claims as of the date hereof, and therefore may not be creditors of the Debtors and their estates for purposes of these chapter 11 cases.  Therefore, the Creditor Matrix does not and should not be deemed or otherwise construed to constitute either (i) a waiver of any defense of the Debtors and their estates to any claim that may be asserted against the Debtors or their estates or (ii) an acknowledgement or admission of the validity, priority, or amount of any claim that may be asserted against the Debtors or their estates.

Dated: December 20, 2024

*/s/ Shadron L. Stastney*

Shadron L. Stastney
Director

2