**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zurvita Holdings, Inc., *et al.*,[1] | Case No. 24-12823 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re Docket Nos. 163 & 177** |

**ORDER DISMISSING THE DEBTORS' CHAPTER 11 CASES**

Pursuant to the *Debtors' Motion for Entry of an Order (I) Dismissing the Debtors' Chapter 11 Cases; (II) Establishing Procedures With Respect to Final Fee Applications; (III) Directing the Debtor Entities to be Dissolved; and (IV) Granting Related Relief* [Docket No. 163] (the "Motion")[2] and the *Initial Order (I) Approving the Dismissal of the Debtors' Chapter 11 Cases; (II) Establishing Procedures for the Allowance and Payment of Professional Fees; and (III) Granting Related Relief*, entered on March 24, 2025 [Docket No. 177] (the "Initial Order"), it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, each of the Chapter 11 Cases are dismissed effective as of the entry of this Order.

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: Zurvita Holdings, Inc. [1863] and Zurvita, Inc. [4837]. The Debtors' headquarters are located at 4450 W. Walnut Hill Lane, Suite 110, Irving, TX 75038.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4. Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders, and judgments of this Court made during the course of the Chapter 11 Cases and any related adversary proceedings, including, without limitation, the Sale Order and the Final DIP Order, shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

5. Each of the Professionals' retentions by the Debtors' estates is terminated, effective immediately, without the need for further action on the part of this Court, the Debtors, or such firms, *provided, however*, that such firms are authorized to effectuate the dissolution of each Debtor entity as contemplated herein.

6. Subject to the terms of this Order, upon the dismissal of these Chapter 11 Cases, Reliable Companies d/b/a Reliable ("Reliable") is discharged and relieved of any further obligations with respect to these Chapter 11 Cases; *provided* that Reliable shall continue to function as claims and noticing agent solely to the extent necessary to ensure compliance with Local Rules 1017-2 and 2002-1(f). Within 14 days after entry of this Order, Reliable shall: (i) forward to the Clerk of the Court an electronic version of all proofs of claims; (ii) upload the creditor matrix into CM/ECF; and (iii) docket a final claims register.

7. As soon as reasonably practicable after entry of this Order, without the need for further action on the part of this Court and without the need for further corporate or shareholder action or action of the board of directors of the Debtors, to the extent not previously dissolved, the Debtors are authorized to dissolve their corporate entities in accordance with applicable state law, and the Debtors shall not be required to pay any taxes or fees to cause such dissolution. Any officer or authorized representative of the Debtors is authorized to execute and file on behalf of

the Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with the law of the state of Delaware or the state in which any Debtor entity was formed.

8. The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

9. To the extent applicable, the 14-day stay this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

10. Notwithstanding the dismissal of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court entered in the Chapter 11 Cases.

**Dated: May 28th, 2025**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

IMPAC - 12099325v.2